DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 360-1100
Michael O. Adelman (MA-3920)
Attorneys for Defendant
GAB Robins North America, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN R. WALCOTT, FRANK MAISANO and MARY E. BISHOP,<br><br>Plaintiffs,<br><br>v.<br><br>WTC CAPTIVE INSURANCE COMPANY, INC.; CHRISTINE LASALA; THE HONORABLE MICHAEL BLOOMBERG; MARSH MANAGEMENT SERVICES, INC.; GAB ROBINS NORTH AMERICA, INC.; MARK PAGE; LEWIS FINKELMAN; JEFFREY FRIEDLANDER; MEREDITH JONES; MARK MELSON; JAMES SCHOENBECK; and KENNETH BECKER, ESQUIRE,<br><br>Defendants. | Case No. 1:2007-CV-7027<br><br>JUDGE HELLERSTEIN<br><br>Electronically Filed<br><br>**NOTICE OF MOTION JOINING IN THE MOTION TO DISMISS FILED BY THE WTC CAPTIVE DEFENDANTS AND SEEKING AN ORDER PURSUANT TO FED.R.CIV.P. 12(b)(6) DISMISSING THE COMPLAINT FILED AGAINST DEFENDANT GAB ROBINS NORTH AMERICA, INC.** |

TO: Marc Jay Bern, Esq.
Worby Groner & Napoli Bern, LLP
115 Broadway, 12th Floor
New York, NY 10006
Attorneys for Plaintiffs

ON NOTICE TO:

All Counsel of Record on Attached Affidavit of Service.

**PLEASE TAKE NOTICE** that on a date to be determined by the Court, the undersigned, attorneys for defendant GAB Robins North America, Inc. ("GAB Robins"), will apply to the Federal District Court for the Southern District of New York joining in the Motion to dismiss filed

- 2 -

by the WTC Captive Defendants[1] and seeking an Order dismissing Plaintiffs' Complaint against all defendants with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

**PLEASE TAKE FURTHER NOTICE** that, in support of its application, GAB Robins will rely upon the accompanying Memorandum of Law as well as all papers filed by the WTC Captive Defendants in Support of their Motion to Dismiss.

**PLEASE TAKE FURTHER NOTICE** that, in the event Plaintiffs contest the Motion to Dismiss, oral argument is respectfully requested.

> Drinker Biddle & Reath LLP
> 500 Campus Drive
> Florham Park, New Jersey 07932-1047
> Attorneys for Defendant
> GAB ROBINS NORTH AMERICA, INC.
>
> By: */s/ Michael O. Adelman*
>      Michael O. Adelman (MA-3920)

Dated: August 15, 2007

---

[1] WTC Captive Defendants are herein identified as those parties presently represented by the law firm of McDermott Will & Emery LLP: WTC Captive Insurance Company, Inc.; Christine LaSala; Mark Page; Lewis Finkelman; Jeffery Friedlander; Meredith Jones; Mark Melson; James Schoenbeck; and, Kenneth Becker.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN R. WALCOTT, FRANK MAISANO and MARY E. BISHOP,<br><br>Plaintiffs,<br><br>v.<br><br>WTC CAPTIVE INSURANCE COMPANY, INC.; CHRISTINE LASALA; THE HONORABLE MICHAEL BLOOMBERG; MARSH MANAGEMENT SERVICES, INC.; GAB ROBINS NORTH AMERICA, INC.; MARK PAGE; LEWIS FINKELMAN; JEFFREY FRIEDLANDER; MEREDITH JONES; MARK MELSON; JAMES SCHOENBECK; and KENNETH BECKER, ESQUIRE,<br><br>Defendants. | Case No. 07-CV-7072 (AKH)<br><br>Electronically Filed |

**MEMORANDUM OF LAW
IN SUPPORT OF THE MOTION OF
GAB ROBINS NORTH AMERICA, INC.
TO DISMISS PLAINTIFFS' COMPLAINT**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii
PRELIMINARY STATEMENT .................................................................................................. 1
STATEMENT OF FACTS .......................................................................................................... 2
ARGUMENT
    I.    GAB ROBINS RESPECTFULLY JOINS THE MOTION TO DISMISS
        UNDER FED.R.CIV.P. 12(b)(6) FILED BY THE WTCC DEFENDANTS ........ 4
    II.   FED.R.CIV.P. 12(b)(6) MANDATES DISMISSAL OF THE
        COMPLAINT AGAINST GAB ROBINS BECAUSE PLAINTIFFS FAIL
        TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................ 4
        A.    Standard of Review ................................................................................... 4
        B.    The Allegations Against GAB Robins Are Conclusory and
               Insufficient to Raise a Right to Relief ....................................................... 6
              1.    GAB Robins Owes Plaintiffs No Fiduciary Duty ......................... 6
              2.    No Causes of Action for Conversion or Replevin Exist
                    Under the Facts as Plead in this Matter ......................................... 9
                    (i).    Plaintiffs have not plead facts sufficient to establish
                          the elements of common law conversion on the part
                          of GAB Robins ................................................................ 10
                          (a).    GAB Robins was duly and legally
                               compensated under its contract with the
                               WTCC .................................................................. 10
                          (b).    Plaintiffs have failed to plead legal
                               ownership of the monies paid to GAB
                               Robins ................................................................. 11
                    (ii).   There is no common law right to recovery in
                         replevin for money ........................................................... 12
CONCLUSION ........................................................................................................................... 13

# TABLE OF AUTHORITIES

**CASES**

930 Third Av. Assocs. V. Schaffer Food Serv. Co.,
  210 A.D.2d 207, 620 N.Y.S.2d 255 (N.Y. App. Ct. 1994)..................................................12

American Home Assur. Co. v. Merck & Co., Inc.,
  462 F.Supp.2d 422 (S.D.N.Y. 2006)............................................................................................7

Amron v. Morgan Stanley Inv. Advisors, Inc.,
  464 F.3d 338 (2d Cir. 2006)........................................................................................................5

Banco Nacional Ultramarino, S.A. v. Chan,
  169 Misc.2d 182, 641 N.Y.S.2d 1006 (N.U. Sup. Ct. 1996)........................................13

Bardi v. Farmers Fire Ins. Co.,
  260 A.D. 783, 687 N.Y.S.2d 768 (N.Y. App. Ct. 1999)..............................................................8

Bell Atlantic Corp. v. Twombly,
  ___ U.S. ___, 127 S.Ct. 1955 (2007).................................................................................4, 5, 6

Benatovich v. Propis Agency,
  224 A.D.2d 998, 637 N.S.2d 551 (N.Y. App. Ct. 1997)............................................................8

Cappelletti v. Unigard Ins. Co.,
  222 A.D.2d 1029, 636 N.Y.S.2d 958 (N.Y. App. Ct. 1995)......................................................8

Comprehensive Community Dev. Corp. v. Lehach,
  223 A.D.2d 399, 636 N.Y.S.2d 755 (N.Y. App. Ct. 1996)......................................................12

Conley v. Gibson,
  355 U.S. 41, 78 S.Ct. 99 (1957)...............................................................................................4, 5

Dubied Mach. Co. v. Vermont Knitting Co., Inc.,
  739 F.Supp. 867 (S.D.N.Y. 1990) ............................................................................................10

Edelman v. O'Toole-Ewald Art Assoc., Inc.,
  28 A.D.3d 250, 814 N.Y.S.2d 98 (N.Y. App. Ct. 2006)............................................................7

Hartford Accident & Indem. Co. v. Walston & Co., Inc.,
  21 N.Y.2d 219, 287 N.Y.S.2d 58 (1967) .................................................................................10

In re: World Trade Center Disaster Site Litigation,
  S.D.N.Y. Case No. 21-MC-100 (AKH)................................................................................1, 11

Independence Discount Corp. v. Bressner,
  47 A.D.2d 756, 365 N.Y.S.2d 44 (N.Y. App. Ct. 1975)..........................................................11

Kyle Railways, Inc. v. Pacific Administration Services, Inc.,
 990 F.2d 513 (9th Cir. 1993) ...........................................................................................8

Manufacturers Hanover Trust Co. v. Chemical Bank,
 160 A.D.2d 113, 559 N.Y.S.2d 704 (N.Y. App. Ct. 1990),
 rev. denied, 77 N.Y.2d 803, 568 N.Y.S.2d 15 (1991) ..............................................12, 13

Murphy v. Kuhn,
 90 N.Y.2d 266, 660 N.Y.S.2d 371 (1997) ......................................................................7

Papasan v. Allian,
 478 U.S. 265, 106 S.Ct. 2932 (1986) ..............................................................................4

Republic of Haiti v. Duvalier,
 211 A.D.2d 379, 626 N.Y.S.2d 472 (N.Y. App. Ct. 1995) ............................................10

Sager v. Blain,
 5 Hand. 445, 44 N.Y. 445 (N.Y. 1871) .........................................................................12

Schunk v. New York Central Mutual Fire Ins. Co.,
 237 A.D.2d 913, 655 N.Y.S.2d 210 (N.Y. App. Ct. 1997) ..............................................8

Shmueli v. Corcoran Group,
 9 Misc.3d 589, 802 N.Y.S.2d 871 (N.Y. Sup. Ct. 2005) ...............................................12

Swierkiewicz v. Sorema N.A.,
 534 U.S. 506, 122 S.Ct. 922 (2001) ................................................................................4

Velastequi v. Exchange Ins. Co.,
 132 Misc.2d 896, 505 N.Y.S.2d 779 (N.Y. Civ. Ct. 1986) ..........................................8, 9

Vigilant Ins. Co. of Am. v. Housing Auth. of City of El Paso, Texas,
 87 N.Y.2d 36 (1995) ......................................................................................................10

Wallingford v. Kaiser,
 110 A.D. 503, 96 N.Y.S. 981 (N.Y. App. Ct. 1906) ......................................................12

Warner v. Village of Chatham,
 194 A.D.2d 980, 598 N.Y.S.2d 863 (N.Y. App. Ct. 1993) ............................................12

Youngs v. Security Mutual Ins. Co.,
 3 Misc.3d 244, 775 N.Y.S.2d 800 (N.Y. Sup. Ct. 2004) .................................................8

**RULES**

Fed.R.Civ.P. 8(a)(2)..................................................................................................................4

Fed.R.Civ.P. 12(b)(6)....................................................................................................1, 3, 4, 9

**OTHER**

5 C, Wright & A. Miller, Federal Practice and Procedure, § 1216 (3d ed. 2004)..........................4

## **PRELIMINARY STATEMENT**

GAB Robins North America, Inc. ("GAB Robins") joins the Motion to dismiss filed by the WTCC Defendants[1] and the Honorable Michael Bloomberg in this matter. In addition, GAB Robins respectfully submits the following memorandum of law, filed as supplemental support of dismissal under Fed.R.Civ.P. 12(b)(6) of all claims made against it.

While making this motion, GAB Robins in no way seeks to diminish the heroic efforts of the men and women who assisted in the search and rescue efforts following the terrorist attacks of September 11, 2001. These acts, however, do not equate to cognizable legal claims here. The current action is little more than an "end run" around plaintiffs' previously filed actions.[2]

GAB Robins has no fiduciary duty to the plaintiffs nor does it have any contractual relationship with them. Through generous use of innuendo and omission, plaintiffs' Complaint paints a completely distorted picture of the formation and goal of the WTC Captive Insurance Company, Inc. ("WTCC") and the work being done by GAB Robins, its third-party claims administrator. Even giving whatever deference may be due to this distortion, plaintiffs' Complaint still fails to plead any cause of action against GAB Robins. Accordingly, the Complaint should be dismissed in its entirety.

---

[1] WTCC Defendants are identified as those parties presently represented by the law firm of McDermott Will & Emery LLP: WTCC Insurance Company, Inc.; Mark Melson; James Schoenbeck; and Christine LaSala; as well as individual defendants: Mark Page; Lewis Finkelman; Jeffery Friedlander; Meredith Jones; and Kenneth Becker. All of the above defendants shall be collectively referred to as the WTCC Defendants.

[2] See In re: World Trade Center Disaster Site Litigation, S.D.N.Y Case No. 21-MC-100 (AKH).

1

## **STATEMENT OF FACTS**

Following the attack and subsequent tragedies that occurred on September 11, 2001, Congress granted the Federal Emergency Management Agency ("FEMA") $1,000,000,000 (the "FEMA Grant") to be used by the City of New York and its contractors for retroactive insurance with respect to the rescue, recovery and debris removal actions at the World Trade Center disaster site. As part of the FEMA Grant, the WTCC was created and charged with management and administration of the one billion dollar captive insurance policy ("Captive Policy").

Plaintiffs allege that they were workers at the World Trade Center disaster site and have subsequently developed various upper respiratory ailments, which they claim arose from their exposure to toxic particles in the air. Pending in this District, and on interlocutory appeal to the Second Circuit, is a case entitled In Re World Trade Center Disaster Site Litigation, to which all named plaintiffs in this matter are also parties, seeking tort damages against the Captive Policy's insureds.

The Complaint filed in this matter outlines plaintiffs' factual and historical version of events that allegedly give rise to various causes of action against the WTCC, Members of the Board of Directors for the WTCC, the Mayor of New York, and GAB Robins. The allegations against GAB Robins relate to its contractual agreement with the WTCC on January 21, 2005. In general, under this contract GAB Robins provides comprehensive claims administration services for the Captive Policy.

While the Complaint is extremely lengthy and recites plaintiffs' distorted version of the history, formation and goal of the WTCC as well as GAB Robins' claims administration of the Captive Policy, very little is actually pled as a cause of action against this defendant. The first cause of action against GAB Robins arises under a theory of breach of fiduciary duty, where it is

alleged "GAB Robins . . . failed to act prudently and independently of the WTCC . . . ." (Complaint ¶ 159). However, despite the allegation that GAB Robins has breached a fiduciary duty, no contractual or other relationship which might give rise to a duty between the claimants and GAB Robins is presented within the Complaint.

The only other causes of action pleaded against GAB Robins are common law conversion with the sought remedy of replevin. Plaintiffs allege that GAB Robins is in possession of money paid to it under its contract with the WTCC, which funds have been "improperly or excessively paid" by the WTCC. (Complaint ¶ 216). Plaintiffs state that GAB Robins remains in possession of this money and wrongfully detains it from the plaintiffs, "who seek its recovery on behalf of ... the WTCC so that the funds can be used for their intended purpose." (Complaint ¶ 218). However, all funds presently paid to GAB Robins by the WTCC have been for proper reimbursement of claims services performed in accordance with the FEMA Grant; this money has been spent for its intended purpose, to administer claims under the Captive Policy.

As to the various other causes of action pled in the Complaint, none allege, or can be interpreted to give rise to, any further liability on the part of GAB Robins. Therefore, GAB Robins makes this motion under Rule 12(b)(6) to dismiss the plaintiffs' Verified Complaint against it on the grounds that the allegations contained therein fail to state a claim.

# ARGUMENT

## I. GAB ROBINS RESPECTFULLY JOINS THE MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6) FILED BY THE WTCC DEFENDANTS

GAB Robins joins the Motion to Dismiss filed by the WTCC Defendants.

## II. FED.R.CIV.P. 12(b)(6) MANDATES DISMISSAL OF THE COMPLAINT AGAINST GAB ROBINS BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. Standard of Review

Pursuant to Fed.R.Civ.P. ("FRCP") 8(a)(2), plaintiffs are only required to plead "a short and plain statement of a claim showing that the pleader is entitled to relief [in order to] give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957). While the pleading requirements of FRCP 8 mandate only a short statement of the case, plaintiffs' obligation to provide the "grounds" of their "entitlement to relief" still requires more than mere labels and conclusions, as a formulaic recitation of the elements of the cause of action will not be sufficient to insulate the pleading from a motion to dismiss. See Papasan v. Allian, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986). The factual allegations presented in a complaint must be enough to rise above a speculative right to relief, as "the pleading must contain something more . . . than . . . a statement of facts that merely creates suspicion [of] a legally cognizable right to action." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007), citing, 5 C, Wright & A. Miller, Federal Practice and Procedure, § 1216, pp. 235-36 (3d ed. 2004); see also, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, N.1, 122 S.Ct. 922 (2001).

In considering a motion to dismiss, courts generally accepts as true the allegations of the plaintiffs' Complaint. The Second Circuit, however, has specifically rejected the argument that

all plaintiffs need do is give "fair notice" of a claim and "the grounds upon which it rests." Amron v. Morgan Stanley Inv. Advisors, Inc., 464 F.3d 338, 343-44 (2d Cir. 2006). Conversely, in order to survive a motion to dismiss, a complaint must contain allegations that, if true, are "sufficient to establish liability." Id., at 344. The alleged liability must be based upon well-pled facts, because "bald assertions and conclusions of law will not suffice." Id.

Further, the United States Supreme Court explicitly rejected the Conley v. Gibson requirement that the defendant prove there to be "no set of facts" that would entitle the plaintiff to relief sought in the complaint. Twombly, __ U.S. __, 127 S.Ct. at 1964-65. The Court explained that a complainant's factual allegations must actually *raise a right to relief* and be more than just a black letter pronouncement of the elements under a cause of action. Id.

In the present matter, the Complaint contains no factual allegations against GAB Robins that actually raise a right to relief. Instead, the Complaint simply alludes to various legal theories without providing any factual support to tie GAB Robins to the allegations. Paragraph 154 of the Complaint provides a vivid example.[3] There, plaintiffs allege that a fiduciary duty is owed to them by GAB Robins without even alleging how this duty arises. (See *infra*.). The Complaint makes no factual allegations against GAB Robins outside of its contractual relationship to the WTCC, and fails to state adequate claims for relief. Accordingly, dismissal of all allegations against GAB Robins is necessary.

---

[3] "Plaintiffs bring this Count seeking equitable relief arising out of Defendants' violations of their breaches [sic] of fiduciary duties in connection with the misuse of WTCC funds and the failure of the WTCC to fulfill and act in accord with its not-for-profit corporate purpose . . . ." (Complaint ¶ 154).

5

### B. The Allegations Against GAB Robins Are Conclusory and Insufficient to *Raise a Right to Relief*

In Twombly, the Court held that conclusory statements without specific factual basis will not adequately carry a plaintiff's burden of pleading a cause of action. Twombly, __ U.S. __, 127 S.Ct. at 1966 (holding, for example, that "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality").

The Complaint in this matter makes various conclusory allegations that simply allude to elements of the claims plaintiffs attempt to plead against GAB Robins. The plaintiffs do not set forth a single fact supporting their claims against this defendant; the Complaint merely asserts that GAB Robins has failed to act independently of the WTCC, its client, and has breached a non-existent fiduciary duty allegedly owed complainants in administering claims under the Captive Policy. These allegations amount to nothing more than bare statements of conclusory fact that have no basis in current federal or state law, and which fail to give rise to any causes of action.

#### 1. GAB Robins Owes Plaintiffs No Fiduciary Duty

The Complaint alleges that all defendants, including GAB Robins, have breached a fiduciary duty owed to the plaintiffs "in connection with the misuse of WTCC funds . . . ." (Complaint ¶ 154). Plaintiffs further claim that "[d]efendant[] GAB Robins . . . [has] failed to act prudently and independently of the WTCC . . . ." (Complaint ¶ 159). However, the Complaint fails to state the basis for which GAB Robins allegedly owes plaintiffs any legal duty, fiduciary or otherwise. Instead, the Complaint, in rote fashion, presents only a conclusory allegation that GAB Robins has breached some non-identified fiduciary duty.

New York courts explicitly recognize that insurance companies normally do not owe a fiduciary duty to their insured, unless a special relationship exists between the carrier and the

policyholder. <u>Edelman v. O'Toole-Ewald Art Assoc., Inc.</u>, 28 A.D.3d 250, 251, 814 N.Y.S.2d 98 (N.Y. App. Ct. 2006); <u>see</u> <u>also</u>, <u>Murphy v. Kuhn</u>, 90 N.Y.2d 266, 660 N.Y.S.2d 371 (1997). Here, the plaintiffs allege *no* special relationship between themselves and GAB Robins, who is not even the insurer, but a third-party hired to administer claims under the Captive Policy.

The only theory by which a fiduciary duty could even arise between GAB Robins and the plaintiffs in this matter would have to be contractual. However, no contract exists between these parties, and, as recognized by this Court, a claims administrator's duties generally "are to their principals, the insurance companies, to perform whatever tasks were assigned to them, [and] this duty [does] not serve to create a contractual obligation between the [third-party] and [the insured]." <u>American Home Assur. Co. v. Merck & Co., Inc.</u>, 462 F.Supp.2d 422, 432 (S.D.N.Y. 2006) (applying Pennsylvania law but noting that there is no material difference between the laws of New York and Pennsylvania in this regard. <u>Id.</u>, at 433, n.10) (citations omitted). In <u>Merck</u>, the court found that to plead and prevail on a fiduciary claim against a third-party administrator such as GAB Robins, the insured must establish "(1) the existence of its contractual relationship with [the claims administrator] and (2) that certain fiduciary duties resulted from that relationship." <u>Merck</u>, 462 F.Supp.2d at 433. Here, plaintiffs have failed to sufficiently plead either requirement, no doubt because none exists.

First, the only contractual relationship alleged in this matter exists between defendants GAB Robins and the WTCC. GAB Robins is a third-party administrator, contracted to provide administration services with respect to claims submitted by insureds under the Captive Policy. Nowhere is any duty defined which is owed by GAB Robins to the claimants; all contractual obligations are exclusively to the WTCC. Plaintiffs are simply unable to establish, and have

failed to sufficiently plead, either the existence of a contractual relationship with GAB Robins, or the origins of a duty owed by it.

Second, a third-party administrator handling claims under an insurance policy owes *no duty to an insured under the policy.* Bardi v. Farmers Fire Ins. Co., 260 A.D.2d 783, 787, 687 N.Y.S.2d 768 (N.Y. App. Ct. 1999). Accordingly, the plaintiffs have no ability to bring a fiduciary claim against GAB Robins because they are owed no duty. In Bardi, the court found that as a third-party acting on behalf an insurer, "[administrators] cannot be held personally responsible to [insureds]." Id.; see also, Velastequi v. Exchange Ins. Co., 132 Misc.2d 896, 899, 505 N.Y.S.2d 779 (N.Y. Civ. Ct. 1986) (finding that an independent claims investigator retained exclusively by the insurer owed no duty of care to the insured with regard to its handling of claims); Schunk v. New York Central Mutual Fire Ins. Co., 237 A.D.2d 913, 915, 655 N.Y.S.2d 210 (N.Y. App. Ct. 1997) (holding that the contractual agent of a principal cannot be held liable for the actions of the principal); Youngs v. Security Mutual Ins. Co., 3 Misc.3d 244, 245, 775 N.Y.S.2d 800 (N.Y. Sup. Ct. 2004) (finding that because there was no contractual relationship between the claims adjuster individually and the insured, it precluded any action by the insured against them); Benatovich v. Propis Agency, 224 A.D.2d 998, 637 N.Y.S.2d 551 (N.Y. App. Ct. 1997); cf. Kyle Railways, Inc. v. Pacific Administration Services, Inc., 990 F.2d 513 (9th Cir. 1993) (finding that third-party administrators do not owe fiduciary duties to claimants under the ERISA statutes because they do not have discretionary authority or control over the management or administration of the plan). GAB Robins only owes a duty to the WTCC in its capacity as the captive insurer, and not to the Captive Policy's insureds.[4] Therefore, because plaintiffs in this

---

[4] Even if GAB Robins in some way has breached its contractual duties owed to the WTCC, no cause of action arises on behalf of the plaintiffs; only the Captive itself would have claim against this defendant. See Cappelletti v. Unigard Ins. Co., 222 A.D.2d 1029, 636 N.Y.S.2d 958 (N.Y. App. Ct. 1995) (holding that claim for negligent performance by an independent adjuster under a contract can only appropriately be brought by the insurer);

8

matter are not even the insureds under the Captive Policy[5], but plaintiffs suing the insureds, they are certainly owed no duty by GAB Robins.

* * *

In sum, dismissal under FRCP 12(b)(6) is appropriate because there exists no contractual relationship between the parties under which a duty can arise, and no fiduciary duty is owed by a third-party administrator to potential claimants under an insurance policy.

### 2.  No Causes of Action for Conversion or Replevin Exist Under the Facts as Plead in this Matter

The Fifth Cause of Action plead in the Complaint seeks the remedy of replevin, alleging that "[p]laintiffs were – and still are – the persons for whose benefit the WTCC was created and funded . . . so that the [p]laintiffs are the constructive owners and entitled to claim, on behalf of the WTCC, the immediate possession and return of all funds improperly or excessively paid to any defendants and in particular, to [d]efendant Gab Robins." (Complaint ¶ 216). The Sixth Cause of Action alleges conversion, claiming that "the Defendants have knowingly wasted and squandered a large amount of the money and has [sic] used and expended for unauthorized and unlawful purposes a large portion of the sums received by the WTCC, at the expense of persons who were intended to benefit from the funds . . . ." (Complaint ¶ 228).

---

Velastequi, 132 Misc.2d at 899 (finding that any liability for negligent handling of a claim investigation would solely exist between that investigator and the insurer).

[5] Insureds are defined under the WTCC Certificate of Incorporatoin as:

> . . . the City of New York and the contractors, subcontractors and consultants of any tier of the City of New York . . . as additional named insureds, for liability related to or arising out of activities in or near the World Trade Center site in response to the attacks of September 11, 2001.

(Werner Dec. Ex. E at 1).

9

### (i). Plaintiffs have not plead facts sufficient to establish the elements of common law conversion on the part of GAB Robins

In order to justify replevin, plaintiffs must prove the tort of conversion, and plead that they have "an immediate and superior right to possession of the [chattel]" Dubied Mach. Co. v. Vermont Knitting Co., Inc., 739 F.Supp. 867, 872 (S.D.N.Y. 1990). Conversion is "established when one who owns and has the right to possession of personal property proves that the property is in the unauthorized possession of another who has acted to exclude the rights of the owner." Republic of Haiti v. Duvalier, 211 A.D.2d 379, 384, 626 N.Y.S.2d 472 (N.Y. App. Ct. 1995); see also Vigilant Ins. Co. of Am. v. Housing Auth. of City of El Paso, Texas, 87 N.Y.2d 36, 44 (1995). Essentially, plaintiffs must plead facts sufficient to establish that GAB Robins committed a civil theft of the Captive Policy's principal. See Hartford Accident & Indem. Co. v. Walston & Co., Inc., 21 N.Y.2d 219, 287 N.Y.S.2d 58 (1967), adhered to on rearg., 22 N.Y.2d 672, 291 N.Y.S.2d 366 (1968). However, the facts presented in the Complaint, even if taken as true, fail to even allege that GAB Robins has committed any such civil theft.

### (a). GAB Robins was duly and legally compensated under its contract with the WTCC

GAB Robins legally performed services under the its contract with the WTCC and has been compensated for these services. FEMA granted the WTCC the sum of one billion dollars to create a Captive Insurance Policy to act as retroactive excess insurance for the City of New York and its contractors. (See Complaint ¶ 33). Accordingly, the FEMA Grant authorized the WTCC to administer claims under the Captive Policy, which money was to "be invested and used to pay all costs related to the operation of the Captive, including but not limited to losses, fees to service providers, taxes, administrative and defense costs." (Complaint ¶ 76).

Included within the fees to service providers are the fees paid by the WTCC in exchange for GAB Robins' services as a third-party claims administrator. Therefore, plaintiffs cannot prove their allegation that GAB Robins "used and expended for unauthorized and unlawful purposes" portions of the Captive Policy principal because GAB Robins operated and lawfully performed the services required of them in both the Contract and FEMA Grant.

### (b). Plaintiffs have failed to plead legal ownership of the monies paid to GAB Robins

To prevail in a common law conversion claim, plaintiffs must sufficiently establish that they have legal ownership of the Captive Policy principal, and are wrongfully being denied this right by defendants. See Independence Discount Corp. v. Bressner, 47 A.D.2d 756, 757, 365 N.Y.S.2d 44 (N.Y. App. Ct. 1975). Plaintiffs cannot and have not established that they are the rightful owners of the Captive Policy monies, merely pleading conclusory statements to that effect. To be the legal owners of this money, the plaintiffs must show that they have title, possession, or control of the alleged fees that have been "converted" by GAB Robins, or that they had a superior right to the property at issue. See Id. However, plaintiffs have no such superior claim. In a pending action before this Court, and presently on interlocutory appeal to the Second Circuit, plaintiffs, who are parties to both actions, seek tort damages against the WTCC's insureds. See In re: World Trade Center Disaster Site Litigation, S.D.N.Y Case No. 21-MC-100 (AKH). Here, in pleading the conclusion that they are entitled to compensation under the Captive Policy as "its intended beneficiaries," plaintiffs are attempting to circumvent the pending litigation, seeking a declaration in this matter of the Captive Policy's claim requirements.

As entitlement under the Captive Policy has not yet been established by any court, the conclusory statement in the Complaint that GAB Robins has converted the funds of plaintiffs

cannot be established by the facts presented. The FEMA Grant specifically mandates that a portion of the Captive Policy principal will be used to pay "fees to service providers, taxes, administrative and defense costs[.]" Even if all of the alleged facts are taken as true and plaintiffs prevail against the WTCC's insureds and are found to have an interest in some of the money within the Captive Policy, they are not entitled to total ownership rights. The WTCC still retains exclusive control over that portion of the Captive Policy used to pay the administrative costs envisioned by the FEMA Grant. As the fees paid to GAB Robins originated from this portion of the money rightfully controlled by the WTCC, plaintiffs can establish no legal right to possession of these fees.

### (ii). There is no common law right to recovery in replevin for money

While the plaintiffs plead for the recovery of GAB Robins' fees in replevin, "[t]he history of the application of this particular common law cause of action 'conversion' has always centered exclusively on the physical theft of specific, identifiable, corporeal, tangible, personal property, in its most rudimentary sense." Shmueli v. Corcoran Group, 9 Misc.3d 589, 591, 802 N.Y.S.2d 871 (N.Y. Sup. Ct. 2005).[6] Simply stated, the common law tort of conversion applies only to a "specific chattel." 9310 Third Ave. Assocs. v. Schaffer Food Serv. Co., 210 A.D.2d 207, 620 N.Y.S.2d 255 (N.Y. App. Ct. 1994).

In Sager v. Blain, 5 Hand 445, 44 N.Y. 445 (N.Y. 1871), the New York Court of Appeals expressly held that replevin will not lie in the recovery of money, unless the actual bills are specifically described. Id.; see also, Manufacturers Hanover Trust Co. v. Chemical Bank, 160

---

[6] See, e.g., Comprehensive Community Dev. Corp. v. Lehach, 223 A.D.2d 399, 636 N.Y.S.2d 755 (N.Y. App. Ct. 1996) (concerning medical files); Warner v. Village of Chatham, 194 A.D.2d 980, 598 N.Y.S.2d 863 (N.Y. App. Ct. 1993) (concerning automobiles); Wallingford v. Kaiser, 110 A.D. 503, 96 N.Y.S. 981 (N.Y. App. Ct. 1906) (concerning animals); see also, Manufacturers Hanover Trust Co. v. Chemical Bank, 160 A.D.2d 113, 559 N.Y.S.2d 704 (N.Y. App. Ct. 1990), rev. denied, 77 N.Y.2d 803, 568 N.Y.S.2d 15 (1991) (concerning the return of specifically identifiable, segregated, funds).

A.D.2d 113, 559 N.Y.S.2d 704 (N.Y. App. Ct. 1990), rev. denied, 77 N.Y.2d 803, 568 N.Y.S.2d 15 (1991); Banco Nacional Ultramarino, S.A. v. Chan, 169 Misc.2d 182, 191-92, 641 N.Y.S.2d 1006 (N.Y. Sup. Ct. 1996).  While this case is over 125 years old, it is still good law, and directly relevant to the case at hand; plaintiffs cannot use the remedy of replevin to recover any fees paid to GAB Robins.

## CONCLUSION

For the foregoing reasons, the Complaint contains no factual allegations against GAB Robins that raise a right to relief under any of the causes of action.  Therefore, GAB Robins respectfully requests that the Complaint be dismissed in its entirety.

Respectfully submitted,

Drinker Biddle & Reath LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047
Attorneys for the Defendant:
GAB ROBINS NORTH AMERICA, INC.


By: */s/ Michael O. Adelman*
    Michael O. Adelman (MA-3920)

Dated: August 15, 2007