UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------- x
JOHN R. WALCOTT, FRANK                            :
MAISANO, and MARY E. BISHOP,                      :
                                                  :
        Plaintiffs,                               :   07 CIV 7072 (AKH)
                                                  :
        v.                                        :
                                                  :
WTC CAPTIVE INSURANCE                             :
COMPANY, INC.; CHRISTINE                          :
LASALA; THE HONORABLE                             :
MICHAEL BLOOMBERG; MARSH                          :
MANAGEMENT SERVICES, INC.;                        :
GAB ROBINS NORTH AMERICA,                         :
INC.; MARK PAGE; LEWIS                            :
FINKELMAN; JEFFREY                                :
FRIEDLANDER; MEREDITH JONES;                      :
MARK MELSON; JAMES                                :
SCHOENBECK; and KENNETH                           :
BECKER, ESQUIRE,                                  :
                                                  :
        Defendants.                               :
------------------------------------------------- x
```

**MARSH MANAGEMENT SERVICES, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

3913441_1

## TABLE OF CONTENTS

                                                              Page

PRELIMINARY STATEMENT ..................................................................................................1

FACTS. ...........................................................................................................................................2

ARGUMENT...................................................................................................................................3

    A.      The Legal Standard..................................................................................................3

    B.      Marsh, as An Agent of the WTCC, is Immune from Suit. ......................................3

    C.      The Complaint Fails to State a Claim against Marsh for Breach of Fiduciary Duty Because Marsh Owes No Duties to Plaintiffs...........................................................4

    D.      The Complaint Fails to State a Claim against Marsh for Conversion or Replevin..............5

CONCLUSION................................................................................................................................7

# TABLE OF AUTHORITIES

## FEDERAL CASES

Amron v. Morgan Stanley Investment Advisors, Inc., 464 F.3d 338 (2d Cir. 2006) ...................... 3

Boley v. Pineloch Associates, Ltd., 700 F. Supp. 673 (S.D.N.Y. 1988) ........................................ 4

Cumis Insurance Social v. Citibank N.A., 921 F. Supp. 1100 (S.D.N.Y. 1996) ........................... 6

Dubied Machine Co. v. Vermont Knitting Co., 739 F. Supp. 867 (S.D.N.Y. 1990) ..................... 5

Dyckoff v. Prime Designs Lic. Ltd., No. 83 Civ. 8469 (RWS), 1984 WL. 567 (S.D.N.Y. July 10, 1984) .......................................................................................................................... 5

Fagan v. First Security Investments, Inc., No. 04 Civ. 1021 (LTS), 2006 WL. 2671044 (S.D.N.Y. Sept. 15, 2006) ......................................................................................................... 5

Flickinger v. Harold C. Brown & Co., 947 F.2d 595 (2d Cir. 1991) ............................................ 4

Moscato v. MDM Group, Inc., No. 04 Civ. 2487 (GBD), 2005 WL. 146806 (S.D.N.Y. Jan. 21, 2005) ............................................................................................................................ 4

Papasan v. Allain, 478 U.S. 265 (1986) ........................................................................................ 3

Petrello v. White, 412 F. Supp. 2d 215 (E.D.N.Y. 2006) .............................................................. 4

Roth v. Jennings, 489 F.3d 499 (2d Cir. 2007) .............................................................................. 3

Seghers v. Thompson, No. 06 Civ 308 (RMB)(KNF), 2006 WL 2807203 (S.D.N.Y. Sept. 27, 2006) ....................................................................................................... 4

Simon v. Weaver, 327 F. Supp. 2d 258 (S.D.N.Y. 2004) .............................................................. 5

Vigilant Insurance Co. v. Housing Authority, 87 N.Y.2d 36 (1995) ............................................. 5

## STATE CASES

Mandelblatt v. Devon Stores, Inc., 132 A.D.2d 162 (N.Y. App. Div. 1987) ................................ 4

## FEDERAL STATUTES

Pub. L. No. 108-7, 117 Stat. 517 (Feb. 20, 2003) ......................................................................... 2

## STATE STATUTES

N.Y. Ins. Law § 7005(a)(3) ........................................................................................................ 2, 3

## PRELIMINARY STATEMENT

Plaintiffs in this case are workers who participated in rescue, recovery, and debris removal operations at the World Trade Center site following the September 11, 2001 attack. They allege that Defendants have failed to compensate them for injuries sustained during this work. The gravamen of the Complaint is that Defendants have failed to use funds held by the WTC Captive Insurance Co., Inc. (the "WTCC"), a captive insurance company funded by Congress to provide insurance to the City of New York (the "City") and its contractors, to pay Plaintiffs' claims and have instead used those funds to defend the WTCC's insureds against Plaintiffs in actions pending in this Court and to pay the WTCC's expenses. Plaintiffs assert claims against Marsh Management Services, Inc. ("Marsh") for breach of fiduciary duty, conversion, and replevin.[1]

Marsh has been improperly added as a defendant in this action. Marsh is the administrator for the WTCC. In this limited role, Marsh performs only administrative functions. It performs no claims-related services, is not a party to or otherwise involved in the litigation between Plaintiffs and the City and contractors, and has no possession or control of money that could be used to pay claims.

The Complaint fails to state a claim against Marsh for three reasons. First, pursuant to the express provisions of New York Insurance Law Section 7005(a)(3), Marsh, as an agent of the WTCC, is immune from liability. Second, Plaintiffs fail to allege any facts supporting their claim that there is any duty, let alone a fiduciary duty, running from Marsh to the Plaintiffs.

---

[1] The Complaint also assert claims for declaratory relief and violations of the New York Freedom of Information Law and Open Meetings Law. (See Compl. ¶¶ 181-214.) While these claims are pled against "Defendants" as an undifferentiated mass, Plaintiffs make no allegations as to Marsh's liability for these alleged violations and seek no relief against or from Marsh for these claims. (See Compl. ¶¶ 177-179; 195, 199, 206.) As such, it appears that Plaintiffs are not asserting these claims against Marsh.

3905515.8

Third, Plaintiffs fail to assert any legal right to any funds held by the Marsh which is fatal to their claims for conversion and replevin.

## FACTS

Defendant WTCC is a captive insurance company funded by a Congressional appropriation and authorized under New York State Insurance Law to indemnify the City and its contractors against losses incurred during rescue, recovery, and debris removal after the terrorist attack at the World Trade Center. (See Complaint ("Compl.") ¶¶ 58, 73, 78.) see also Pub. L. No. 108-7, 117 Stat. 517 (Feb. 20, 2003); N.Y. Ins. Law § 7005(a)(3). Following Congress' appropriation, the Federal Emergency Management Administration ("FEMA") provided funds to the WTCC pursuant to a grant agreement. (See Compl. ¶ 76.) That agreement requires that the funds be "used to pay all costs related to the operation of the [WTCC], including but not limited to losses, <u>fees to service providers</u>, taxes, administrative and defense costs." (Id.) (emphasis added).

According to the Complaint, Marsh is an agent for the WTCC. (See Compl. ¶ 6.) The Complaint contains not a single factual allegation as to any conduct by Marsh. It also contains no allegations that Marsh is involved in any claims determinations or has possession of or control over any funds used to pay claims. Nor does it contain a single allegation as to any relationship between Marsh and the Plaintiffs. In fact, Marsh is mentioned by name in only five paragraphs of the 230-paragraph Complaint. In those paragraphs, Plaintiffs allege that:

    i.    Marsh was an agent of the WTCC (See Compl. ¶ 6);

    ii.    Marsh "unethically profited at the expense" of the Plaintiffs (See Compl. ¶ 130);

    iii.    Marsh "failed to act prudently and independently of the WTCC" (See Compl. ¶ 159);

    iv.    Marsh has been paid fees by the WTCC (See Complaint ¶ 169); and

- 2 -

> v. Marsh has received "excessive, unreasonable, and inappropriate payments" from the WTCC (See Complaint ¶ 212).

For the reasons that follow, these few allegations cannot form the basis of any claims against Marsh.

## ARGUMENT

A. <u>The Legal Standard</u>

When considering a motion to dismiss, the court must accept as true all facts alleged in the complaint. <u>Roth v. Jennings</u>, 489 F.3d 499, 503 (2d Cir. 2007). Courts are not required, however, to accept as true legal conclusions that are merely couched as facts. <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). In order to survive a motion to dismiss, therefore, a complaint must set out well-pled facts supporting the claim for relief and may not rest solely on bald assertions and conclusions of law. <u>Amron v. Morgan Stanley Inv. Advisors, Inc.</u>, 464 F.3d 338, 343-44 (2d Cir. 2006).

B. <u>Marsh, as An Agent of the WTCC, is Immune from Suit.</u>

The WTCC was established pursuant to a provision of New York's Insurance Law. The statute expressly states that "agents" of the WTCC shall not be subject to any personal liability for acts within the scope of their authority that are taken on behalf of the WTCC:

> . . . Neither the mayor, nor any of the captive's members, directors, officers, employees or agents . . . while acting within the scope of their authority, shall be subject to any personal liability resulting from the exercise or carrying out of any of the city's or captive's purposes or powers. . .

N.Y. Ins. Law § 7005(a)(3).

The Complaint expressly alleges that Marsh is an agent of the WTCC. (<u>See</u> Compl. ¶ 6.) There is no allegation in the Complaint that Marsh acted in any way outside the scope of the authority granted it by the WTCC. Accordingly, Marsh is immune from liability and all of the claims against it must be dismissed on this basis alone.

C. The Complaint Fails to State a Claim against Marsh for Breach of Fiduciary Duty Because Marsh Owes No Duties to Plaintiffs.

Under New York law, a fiduciary duty arises where one party is under an obligation to act or give advice for the benefit of another. Flickinger v. Harold C. Brown & Co., 947 F.2d 595, 599 (2d Cir. 1991) (quoting Mandelblatt v. Devon Stores, Inc., 132 A.D. 2d 162, 168 (N.Y. App. Div. 1987)). In order to state a claim for breach of a fiduciary duty, a complaint must allege facts supporting the existence of a fiduciary duty between the plaintiff and defendant and facts relating to the breach of that duty. Petrello v. White, 412 F. Supp. 2d 215, 224 (E.D.N.Y. 2006); Boley v. Pineloch Assocs., Ltd., 700 F. Supp. 673, 681 (S.D.N.Y. 1988).

The Complaint alleges in conclusory fashion that Defendants owe a fiduciary duty to Plaintiffs. (See Compl. ¶¶ 154, 161, 163, 164, 166.) However, Plaintiffs fail to allege facts supporting the existence of any relationship between them and Marsh, let alone a fiduciary relationship. The Complaint contains no allegations that Marsh and the Plaintiffs were in a contractual relationship. The Complaint contain no allegations that Marsh was under any obligation to act on behalf of the Plaintiffs. As a result, Plaintiffs' claim for breach of fiduciary duty against Marsh is defective and should be dismissed. See, e.g., Seghers v. Thompson, No. 06 Civ 308 (RMB)(KNF), 2006 WL 2807203 (S.D.N.Y. Sept. 27, 2006) (dismissing breach of fiduciary duty claim where there was nothing in the complaint suggesting a fiduciary relationship other than plaintiff's conclusory allegation that the defendants were fiduciaries); Moscato v. MDM Group, Inc., No. 04 Civ. 2487 (GBD), 2005 WL 146806 (S.D.N.Y. Jan. 21, 2005) (dismissing fiduciary duty claim where complaint failed to allege what fiduciary duty was owed and how it was breached); Fagan v. First Sec. Investments, Inc., No. 04 Civ. 1021 (LTS), 2006 WL 2671044 (S.D.N.Y. Sept. 15, 2006) (dismissing breach of fiduciary duty claim where

complaint contained only conclusory allegations of a fiduciary relationship between plaintiff and defendant).

    D.    The Complaint Fails to State a Claim against Marsh for Conversion or Replevin.

To withstand a motion to dismiss a conversion claim, a plaintiff must allege (i) title to or legal ownership of the property; (ii) the defendant's unlawful possession of the property; and (iii) damages. Simon v. Weaver, 327 F. Supp. 2d 258, 262 (S.D.N.Y. 2004); see also Vigilant Ins. Co. v. Housing Authorty, 87 N.Y.2d 36 (1995). In order to bring an action for replevin, a plaintiff must prove the tort of conversion and also that he has an immediate and superior possessory right to the property. Dubied Mach. Co. v. Vermont Knitting Co., 739 F. Supp. 867, 872 (S.D.N.Y. 1990).

The claims for conversion and replevin fail because Plaintiffs have not and cannot allege legal ownership of any funds held by Marsh. The only funds over which Marsh has possession or control are the fees paid to Marsh for its services as an administrator. These fees were paid to Marsh pursuant to the contract between the WTCC and Marsh and Plaintiffs have not and cannot assert any right of ownership over them.

The conversion and replevin claims also should be dismissed against Marsh because the Complaint does not allege that the WTCC funds appropriated by Congress to the WTCC are in the unlawful possession of Marsh. With respect to any funds already paid by the WTCC to Marsh as fees for its services, these funds were lawfully paid to Marsh, pursuant to the FEMA Grant. By its terms, the FEMA Grant expressly allows WTCC funds to be used for "fees to service providers" such as Marsh. Plaintiffs do not allege otherwise. Therefore, Marsh's continued possession of funds paid pursuant to contract and the FEMA Grant cannot be unlawful. In these circumstances, Plaintiffs' conversion and replevin claims should be dismissed. See Cumis Ins. Soc. v. Citibank N.A., 921 F. Supp. 1100, 1110 (S.D.N.Y. 1996)

3905515.8

(dismissal of conversion claim where there was no allegation that defendant's possession of the property was unlawful).

## CONCLUSION

For all the foregoing reasons, all of Plaintiffs' claims against Marsh should be dismissed.

Dated: New York, New York
September 11, 2007

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000

By: _____
Mitchell J. Auslander (MJA-1224)
(A Member of the Firm)

*Attorneys for Defendant*
*Marsh Management Services, Inc.*