UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
JOHN R. WALCOTT, FRANK            :
MAISANO, and MARY E. BISHOP,      :
                                  :
     Plaintiffs,                  :           07 CIV 7072 (AKH)
                                  :
         v.                       :
                                  :
WTC CAPTIVE INSURANCE             :
COMPANY, INC.; CHRISTINE          :
LASALA; THE HONORABLE             :
MICHAEL BLOOMBERG; MARSH          :
MANAGEMENT SERVICES, INC.;        :
GAB ROBINS NORTH AMERICA,         :
INC.; MARK PAGE; LEWIS            :
FINKELMAN; JEFFREY                :
FRIEDLANDER; MEREDITH JONES;      :
MARK MELSON; JAMES                :
SCHOENBECK; and KENNETH           :
BECKER, ESQUIRE,                  :
                                  :
     Defendants.                  :
------------------------------------------------- x

**MARSH MANAGEMENT SERVICES, INC.'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 3 |
|     A.  Marsh is Immune from Suit under New York Insurance Law. | 3 |
|     B.  The Complaint Fails to State a Claim against Marsh for Breach of Fiduciary Duty. | 5 |
|     C.  The Complaint Fails to State a Claim against Marsh for Conversion or Replevin. | 8 |
| CONCLUSION | 9 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

Chavis v. Kienert, No. 9:03-CV-0039 (FJSRFT), 2005 WL. 2452150 (N.D.N.Y. Sept. 30, 2005) ...........................................................................................................6

Jones v. Capital Cities/ABC Inc., 168 F.R.D. 477 (S.D.N.Y. 1996) ...............................3

O'Brien v. National Property Analysts Partners, 719 F. Supp. 222 (S.D.N.Y. 1989) ........................................................................................................................7

United States v. Adler, 274 F. Supp. 2d 583 (S.D.N.Y. 2003) .......................................6

Zackiva Communications Corporation v. Horowitz, 826 F. Supp. 86 (S.D.N.Y. 1993) ........................................................................................................7

## STATE CASES

Buffalo v. Cargill, Inc., 55 A.D.2d 61, 389 N.Y.S.2d 932 (4th Dep't 1976) ..................5

Harris v. Lyke, 217 A.D.2d 982, 629 N.Y.S.2d 911 (4th Dep't 1995) ............................8

County of Orange v. Viewpoint Realty Corporation (In re Foreclosure of Tax Liens), 17 A.D.3d 363, 792 N.Y.S.2d 566 (2d Dep't 2005) .......................................5

Isabelle V. ex rel. Neyes v. City of New York, 150 A.D.2d 312, 541 N.Y.S.2d 809 (1st Dep't 1989) .................................................................................................4

Moore v. Melesky, 14 A.D.3d 757, 788 N.Y.S.2d 679 (3d Dep't 2005) .........................4

People v. Kruger, 87 A.D.2d 473, 452 N.Y.S.2d 78 (2d Dep't 1982) .............................6

S.H. & Helen R. Scheuer Family Foundation v. 61 Associates Corporation., 179 A.D.2d 65, 582 N.Y.S.2d 662 (1st Dep't 1992) ..................................................7

Smith v. State, 227 N.Y. 405 (1920) ...............................................................................4

## FEDERAL STATUTES

Fed. R. Civ. P. 8(a) .........................................................................................................3

## STATE STATUTES

N.Y. Ins. Law § 7005(a)(3) .............................................................................................3

Defendant Marsh Management Services, Inc. ("Marsh") adopts the arguments applicable to all Defendants that are set out in the Reply Memorandum in Support of Defendants' Motion to Dismiss for Failure to State a Claim (the "WTC Captive Reply"). Marsh submits this reply memorandum of law to highlight additional deficiencies in Plaintiffs' arguments as they relate to Marsh.

## PRELIMINARY STATEMENT

The WTC Captive Insurance Company, Inc. (the "WTC Captive") was established to provide insurance coverage to New York City and certain contractors who were involved in the debris removal operations at the World Trade Center site following the September 11 terrorist attack. Marsh performs only administrative services for the WTC Captive; it has no control over funds held by the WTC Captive and no involvement in evaluating, investigating, or paying claims.

Plaintiffs, who claim injuries sustained during work at the World Trade Center site, allege that Defendants have wrongfully failed to use the funds of the WTC Captive to compensate them. Although there are no specific allegations in the Complaint of any misconduct by Marsh, it purports to state claims against Marsh for breach of fiduciary duty, conversion and replevin. (See Complaint ("Compl.") ¶¶ 153-173, 215-230.)

Marsh argued in its motion to dismiss (the "Motion") that Plaintiffs' claims against Marsh should be dismissed because, under New York law, Marsh, as an agent of the WTC Captive, is immune from liability. (See Motion ("Mot.") at 3.) Marsh also demonstrated that the breach of fiduciary duty claim fails because the Complaint does not allege any relationship between Marsh and the Plaintiffs upon which a fiduciary duty, or any other duty, could be based. (See Mot. at 4-5.) Finally, Marsh showed in the Motion that Plaintiffs'

3931085.7

conversion and replevin claims cannot proceed because the only funds from the WTC Captive that are in Marsh's possession are fees paid by the WTC Captive to Marsh in exchange for Marsh's administrative services. Plaintiffs have not and cannot assert any right of ownership over these limited funds and, thus, their conversion and replevin claims must be dismissed. (See Mot. at 5-6.)

In the opposition brief (the "Opposition"), Plaintiffs try to salvage their defective claims by asserting that the Complaint makes allegations it does not actually contain and by relabeling their causes of action. With respect to the immunity issue, Plaintiffs assert several flawed arguments. (See Opposition ("Opp'n") at 26-35.) Among other things, they say that, even if Marsh is immune from liability, it may still be sued. This assertion is incorrect because where a defendant is granted statutory immunity from liability, claims against that defendant must be dismissed. Plaintiffs also assert that the statutory grant of immunity is not applicable to Marsh, a corporation, because it provides immunity only from "personal liability." This assertion, too, is incorrect because New York law recognizes that personal liability can be assessed against corporate entities. These arguments, along with Plaintiffs' remaining arguments concerning immunity, should be rejected.

On the fiduciary duty claim, Plaintiffs argue that even if Marsh owes no fiduciary duties to the Plaintiffs, it may be held liable, as an agent of the WTC Captive, for assisting in or failing to enjoin breaches of duty by the WTC Captive or the individual defendants. (See Opp'n at 43-44.) This argument is unavailing. Having filed a claim for breach of fiduciary duty, Plaintiffs cannot now argue that they actually meant to state a different claim. Further, Plaintiffs offer no authority showing that a claim against an agent for failing to stop a breach of duty by its principal is a claim recognized under New York law. Moreover, even if Plaintiffs could assert

3931085.7

such a claim, they would have no cause of action against Marsh because the Complaint does not allege any specific misconduct by Marsh.

Plaintiffs' arguments to support their conversion and replevin claims fail because Plaintiffs concede they have no right of ownership as to any of the WTC Captive funds, including that portion paid to Marsh as fees. (See Opp'n at 52-53.) Plaintiffs try to resurrect these claims by arguing that they are brought not on behalf of the Plaintiffs but instead on behalf of the WTC Captive. (Id.) This attempt is unavailing because Plaintiffs do not have standing to bring a derivative action on behalf of the WTC Captive. Even if they could bring such an action, Plaintiffs could not assert these claims against Marsh because they have not and cannot allege that Marsh's possession of funds paid to it by the WTC Captive is unlawful.

## ARGUMENT

The Opposition goes on at length about the liberal pleading standards of the federal rules and asserts that Plaintiffs need discovery to "flesh out" their case. (See Opp'n at 54-56.) However, to obtain discovery, Plaintiffs are required to provide a statement of their claim that shows they may be entitled to relief. Fed. R. Civ. P. 8(a). "[T]he purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." Jones v. Capital Cities/ABC Inc., 168 F.R.D. 477, 480 (S.D.N.Y. 1996). Under these standards, dismissal of the claims against Marsh is appropriate.

A.   Marsh Is Immune from Suit under New York Insurance Law.

In the Motion, Marsh argued that, as an agent of the WTC Captive, it is immune from suit under New York Insurance Law Section 7005(a)(3). (See Mot. at 3.) That statute grants immunity to "agents" of the WTC Captive. N.Y. Ins. Law § 7005(a)(3). In paragraph 6 of the Complaint, Plaintiffs allege that Marsh is an agent of the WTC Captive. (See Compl. ¶ 6.)

In response, Plaintiffs put forward several arguments, none of which are persuasive. For the reasons set out in the reply brief of the WTC Captive, Plaintiffs' arguments that statutory immunity is unavailable here because the Defendants have acted outside of the scope of their authority and not consistent with the purposes of the WTC Captive fail. (See WTC Captive Reply at 2-5.) Plaintiffs' argument that immunity under Section 7005(a)(3) is not available because the relief sought here is equitable in nature fails as well. (See WTC Captive Reply at 5-6.) The balance of Plaintiffs' arguments should be rejected, at least with respect to Marsh, for the following additional reasons.

The first of these arguments is that Section 7005(a)(3) provides only qualified immunity, not absolute immunity from suit. (See Opp'n at 28.) Plaintiffs are wrong and the authority upon which they rely is inapposite. Smith v. State, 227 N.Y. 405 (1920), discusses the difference between the doctrine of sovereign immunity from suit and the separate doctrine under which a sovereign is not generally held liable for the torts of its agents. The issue here is statutory immunity. Under New York law, where a defendant is granted immunity from liability by statute, claims seeking to impose liability against that defendant should be dismissed. See, e.g., Moore v. Melesky, 14 A.D.3d 757, 760, 788 N.Y.S.2d 679, 682 (3d Dep't 2005) (affirming dismissal of claims against state workers on the basis of statutory immunity); Isabelle V. ex rel. Neyes v. City of New York, 150 A.D.2d 312, 313, 541 N.Y.S.2d 809, 810 (1st Dep't 1989) (reversing denial of motion to dismiss where defendants were afforded statutory immunity from liability for damages).

Next, Plaintiffs assert that "no defendant has even attempted to explain how a corporation can have immunity from 'personal liability.'" (See Opp'n at 33.) To the extent this is an argument that Marsh, by virtue of its status as a corporate entity, is outside of Section

3931085.7

7005(a)(3), the argument fails. In New York, corporations can be held "personally liable" and, by extension, immunity from personal liability may be applied to corporations. See, e.g. Buffalo v. Cargill, Inc., 55 A.D.2d 61, 63, 389 N.Y.S.2d 932, 935 (4th Dep't 1976) (under statute, corporation could be held "personally liable" for back taxes); County of Orange v. Viewpoint Realty Corp. (In re Foreclosure of Tax Liens), 17 A.D.3d 363, 365, 792 N.Y.S.2d 566, 567 (2d Dep't 2005) (same). Plaintiffs offer no authority to the contrary.

Plaintiffs also argue, without citation to any authority, that an agent of the WTC Captive that is a "captive manager" is not eligible for immunity under Section 7005(a)(3) because that section does not explicitly refer to "captive managers." (See Opp'n at 33.) This argument flatly contradicts the statutory text, which provides that "agents" of the WTC Captive are granted immunity. Plaintiffs do not bother to explain why that immunity would not be afforded to a "captive manager" just as it is afforded to any other agent. Their argument is baseless and should be rejected.

B.   The Complaint Fails to State a Claim against Marsh for Breach of Fiduciary Duty.

In the Motion, Marsh argued that Plaintiffs' fiduciary duty claim should be dismissed because the Complaint does not allege a single fact supporting the existence of any duty, fiduciary or otherwise, running between Plaintiffs and Marsh. (See Mot. at 4-5.) In their Opposition, Plaintiffs do not rebut this argument. Instead, they assert, without citation to facts pled in the Complaint or to relevant authority, that Marsh is a public servant as a result of its affiliation with the WTC Captive. (See Opp'n at 39.) Working from this faulty premise, Plaintiffs argue that Marsh owes duties to the public, including the Plaintiffs, and that Plaintiffs may enforce those obligations through a civil suit for breach of fiduciary duty. (Id.)

3931085.7

Each of these assertions is obviously incorrect. First, the definition of "public servant" upon which Plaintiffs rely is from a criminal statute, New York Penal Law Section 10. See Opp'n at n.21; People v. Kruger, 87 A.D.2d 473, 474, 452 N.Y.S.2d 78, 79 (2d Dep't 1982). This statute has no applicability here, in the context of a civil case.

Second, Marsh is clearly not a "public servant." It is a corporation that is an ultimate subsidiary of Marsh McLennan Companies, a publicly-traded company owned by its shareholders.

Further, even if Marsh were a public servant and did owe duties to the public at large, Plaintiffs offer no authority in support of their contention that they may enforce Marsh's purported obligations by way of a civil suit for breach of fiduciary duty. The two cases relied upon by Plaintiffs, People v. Kruger, 87 A.D.2d 473, 452 N.Y.S.2d 78 (2d Dep't 1982), and United States v. Adler, 274 F. Supp. 2d 583 (S.D.N.Y. 2003), are inapposite. Both relate to criminal prosecutions brought by the government against public officials and neither contains a claim for breach of fiduciary duty.

Apparently cognizant that they cannot state a claim for breach of fiduciary duty against Marsh, Plaintiffs resort to asserting a new and different claim. Under this new claim, Plaintiffs say, Marsh, as an agent of the WTC Captive, can be held liable for assisting, ignoring or failing to prevent breaches of "fiduciary and other duties" by its principal. (See Opp'n at 43.) The problem with this new claim is two-fold.

First, the Complaint asserts a cause of action against Marsh for breach of fiduciary duty, not for assisting, ignoring, or failing to stop a breach by some other party. Plaintiffs cannot evade a motion to dismiss the fiduciary duty claim by arguing in their brief that they have some other claim against Marsh. See Chavis v. Kienert, No. 9:03-CV-0039 (FJSRFT),

3931085.7

2005 WL 2452150, at *7 (N.D.N.Y. Sept. 30, 2005) ("opposition papers are not the proper vehicle for adding new causes of action"); O'Brien v. Nat'l Prop. Analysts Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) (dismissing claims that were insufficiently pled in the complaint even though plaintiff supplied missing allegations in brief in opposition to motion to dismiss).

Second, the cases cited by Plaintiffs in support of this theoretical claim are inapposite. S.H. & Helen R. Scheuer Family Foundation ex rel. Scheuer v. 61 Associates Corporation, 179 A.D.2d 65, 582 N.Y.S.2d 662 (1st Dep't 1992), and Zackiva Communications Corporation v. Horowitz, 826 F. Supp. 86 (S.D.N.Y. 1993), do not say that an agent can be held liable for a breach of "fiduciary and other duties" by its principal. Scheuer Family Foundation was a derivative action brought by a board member of a non-profit foundation against other directors and an investment advisor that had contracted with the foundation. The plaintiff brought claims against the board members for breach of fiduciary duty and against the investment advisor for mismanagement of the foundation's assets. There was no claim in the case against the agent-investment advisor for breach of fiduciary duty or for assisting in or failing to stop any breach of duty by the board, its principal. Instead, the claim against the investment advisor was premised on its allegedly poor performance as an advisor to the foundation.

In Zackiva, the plaintiff, a minority shareholder, brought a breach of fiduciary duty claim against another shareholder and his agent, a financial advisor. The plaintiff claimed that the defendants breached fiduciary duties owed to the plaintiff by using confidential information disclosed by him, in order to negotiate a favorable position for themselves in an unrelated deal. Contrary to Plaintiffs' assertion in the Opposition, the claim against the agent was not premised on his principal's breach but instead was rooted in the plaintiff's assertion that

- 7 -

3931085.7

the advisor owed fiduciary duties directly to him as a result of the advisor's having attended meetings at which confidential strategies and information were exchanged. No such conduct is alleged here.

    C.    <u>The Complaint Fails to State a Claim against Marsh for Conversion or Replevin.</u>

In the Motion, Marsh showed that Plaintiffs' conversion and replevin claims should be dismissed because in the Complaint, the Plaintiffs do not and cannot assert ownership rights over the portion of the WTC Captive funds paid to Marsh as administrative fees, a necessary element of any claim for conversion. (<u>See</u> Mot. at 5.) In the Opposition, Plaintiffs concede that they have no ownership right over any of these funds but argue that they bring these claims on behalf of the WTC Captive. (<u>See</u> Opp'n at 52-53.)

Plaintiffs' admission that they have no ownership rights over the WTC Captive's funds is fatal to any conversion or replevin claim brought on their own behalf. (<u>See</u> Mot. at 5.) In addition, Plaintiffs have no standing to bring a derivative claim for conversion or replevin on behalf of the WTC Captive. Plaintiffs are not within the class of parties enumerated by the New York legislature as having standing to bring derivative claims against Marsh or any defendant on behalf of a non-profit like the WTC Captive. <u>See</u> New York Not-for-Profit Corp. Law §§ 623, 720 (defining parties that may bring derivative claims against non-profit corporations). Further, Plaintiffs' assertion that they are owed fiduciary duties by the WTC Captive is insufficient to establish standing to bring a derivative claim. <u>See, e.g.</u>, <u>Harris v. Lyke</u>, 217 A.D.2d 982, 983, 629 N.Y.S.2d 911, 912 (4th Dep't 1995) (affirming dismissal of derivative action brought on behalf of non-profit corporation where plaintiff argued that he had standing in equity as a result of purported fiduciary relationship between himself and the corporation). Finally, even if Plaintiffs' derivative claim on behalf of the WTC Captive could proceed, the conversion and

- 8 -

replevin claims would still have to be dismissed as to Marsh because Plaintiffs have failed to allege that Marsh's possession of funds paid to it by the WTC Captive is unlawful. (See Mot. at 5-6.)

## CONCLUSION

For all the foregoing reasons, Plaintiffs' claims against Marsh should be dismissed.

Dated: New York, New York
October 3, 2007

>                    WILLKIE FARR & GALLAGHER LLP
>                    787 Seventh Avenue
>                    New York, NY 10019
>                    (212) 728-8000
>
>                    By: /s/ Mitchell J. Auslander
>                         Mitchell J. Auslander (MJA-1224)
>                         (A Member of the Firm)
>
>                    *Attorneys for Defendant*
>                    *Marsh Management Services, Inc.*