UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
JOHN R. WALCOTT, et al.           :
                                  :
    Plaintiffs,                   :     07 Civ. 7072 (AKH)
                                  :     _____
    v.                            :
                                  :
WTC CAPTIVE INSURANCE             :     **MEMORANDUM OF LAW**
COMPANY, INC., et al.             :     **IN SUPPORT OF MOTION TO STRIKE**
                                  :     **PRIVILEGED MATERIALS AND**
                                  :     **MOTION FOR IMMEDIATE RETURN**
                                  :     **OF PRIVILEGED MATERIALS**
    Defendants.                   :
------------------------------------------------------- x

    The WTC Captive Insurance Company, Inc. ("WTC Captive") moves to strike from the record stolen documents that were improperly filed with this Court. Upon information and belief, the documents filed by Paul Napoli with this Court on November 8, 2007, include documents belonging to the WTC Captive that are protected by the attorney-client privilege and protected as attorney work product. According to Mr. Napoli's letter to the Court, he received the documents "from a reporter, who reportedly received them, in turn, from a whistle-blower employee of GAB Robins." *See* Letter from Paul Napoli to The Honorable Alvin K. Hellerstein (Nov. 8, 2007) (attached as Exhibit A to the Declaration of David R. Biester ("Biester Decl.")). GAB Robins is the third-party administrator for the WTC Captive. *See* Biester Decl. ¶ 2. In its position as third-party administrator, GAB Robins comes into possession of privileged WTC Captive documents, including invoices from counsel. *See* Biester Decl. ¶ 3.

    Upon information and belief, the reporter who sent the privileged documents to Mr. Napoli was Susan Edelman, a reporter with the New York Post. Upon information and belief, on

November 11, 2007, the New York Post published an article written by Ms. Edelman that referenced invoices submitted to the WTC Captive by its attorneys.

Invoices for legal services are protected under New York law by the attorney-client privilege and as attorney work product. *See De la Roche v. De la Roche*, 209 A.D.2d 157, 159, 617 N.Y.S.2d 767, 769 (N.Y. App. Div. 1994) ("Thus, bills showing services, conversations, and conferences between counsel and others are protected from disclosure. 'To allow access to such material would disclose discovery and trial strategy, and reveal the factual investigation and legal work that has been done by [the party's] attorneys.'"); *Diversified Group, Inc. v. Daugerdas*, 304 F. Supp. 2d 507, 514 (S.D.N.Y. 2003) ("[C]orrespondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided fall within the [attorney-client] privilege.").

Additionally, as a matter of law, the WTC Captive did not waive the privilege as to this material, which was stolen by an unknown perpetrator and published by the New York Post. *See Sackman v. Liggett Group, Inc.*, 173 F.R.D. 358, 364-65 (E.D.N.Y. 1997) (granting motion to strike privileged memorandum that was stolen by disloyal paralegal and provided to plaintiffs' counsel and explaining, "The assertion of privilege . . . is not waived through public disclosure of a stolen privileged[] document"); *Resolution Trust Corp. v. Dean*, 813 F. Supp. 1426, 1428-30 (D. Ariz. 1993) (denying motion to compel privileged memorandum that was leaked without authorization to press and used in newspaper article); *see also Smith v. Armour Pharm. Co.*, 838 F. Supp. 1573, 1577 (S.D. Fla. 1993) (opining that privilege is not waived when a confidential memorandum is stolen from an attorney's office and subsequently published in newspapers, because "it is only the client who has the power to waive the attorney-client privilege"). *See also*

Biester Decl. ¶ 8 (the WTC Captive has not waived its privilege through the unauthorized disclosure of the documents).

The invoices referenced in Ms. Edelman's article that may be included in Mr. Napoli's submission to the Court are privileged documents belonging to the WTC Captive. Biester Decl. ¶¶ 2-7. These invoices and all documents attached and related to the invoices are confidential documents that Ms. Edelman received, upon information and belief, as a result of an unauthorized disclosure by a GAB Robins employee. *Id.*

Accordingly, the WTC Captive hereby moves this Court to immediately strike from the record the stolen documents filed by Mr. Napoli on November 8, 2007, and moves for immediate return of these documents to the WTC Captive.

Dated: November 14, 2007

McDERMOTT WILL & EMERY LLP

By: /s/ Robert A. Weiner
Robert A. Weiner (RW-3381)
Elliot Silverman (ES-9591)
340 Madison Avenue
New York, NY 10173-1922
212-547-5400

Margaret H. Warner
M. Miller Baker
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC 20005-3096
202-756-8000

Attorneys for the WTC Captive
Insurance Company, Inc.