# DrinkerBiddle&Reath LLP

Michael O. Adelman
973-549-7220
michael.adelman@dbr.com

Law Offices

500 Campus Drive
Florham Park, NJ
07932-1047

973-360-1100 phone
973-360-9831 fax
www.drinkerbiddle.com

A Delaware Limited
Liability Partnership

Established 1849

November 15, 2007

**Via e-mail, Telecopy and U. S. Mail**

Hon. Alvin K. Hellerstein, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan
United States District Court
500 Pearl Street, Room 1050
New York, New York 10007-1312

RE:  Walcott v. WTC Captive Insurance Co., Inc., et al.
     Civil Case Number: 07-CV-7072 (AKH)

Dear Judge Hellerstein:

Please accept this letter in support and clarification of the motion to strike filed November 14, 2007 by attorneys for the WTC Captive Insurance Company, Inc ("WTCC").

By letter dated November 12, 2007, Paul J. Napoli, counsel for the plaintiffs, argued, without explicitly stating, that the WTCC and GAB Robins have waived their assertion of privilege over "these papers [the documents allegedly stolen from GAB Robins and forwarded to the New York Post], and to all other bills and invoices proffered by defense counsel to the Captive or its third party administrator, as well as the records relating to the expenses paid by the defendants for all similar expenses." In seeking the release of all documents, plaintiffs declare, without legal justification, that "any claim of privilege should be denied by this Court."

Contrary to plaintiffs' position, neither GAB Robins nor the WTCC have waived privilege. The basis of plaintiffs' argument is, "In light of the media's publication of the papers obtained from GAB [Robins] (or any other source), plaintiffs must be given free access to these papers . . . ." As these documents did not originate from GAB Robins as an entity or party to this matter, it must be concluded that they were stolen from their actual source, and the assertion of privilege is not waived through public disclosure of a stolen privileged document. Sackman v. The Liggett Group, Inc., 173 F.R.D. 358, 365 (E.D.N.Y. 1997), citing, Mayman v. Martin Marietta Corp., 886 F. Supp 1243, 1246 (D. Ind. 1995); see also, Smith v. Armour Pharmaceutical Co., 838 F. Supp. 1573, 1575-77 (S.D. Fla. 1993); Resolution Trust Corp. v. Dean, 813 F.Supp. 1426, 1428-30 (D. Ariz. 1993). In Sackman, the Court considered whether a document stolen from Brown & Williamson Tobacco Corporation by a disloyal paralegal employed by a law firm representing the tobacco manufacturer, and produced to plaintiffs, lost its privileged status. The Eastern District Court held that public disclosure of the stolen document did not waive privilege because it was stolen, and not released by the privilege holder.

DrinkerBiddle&Reath
L L P

Hon. Alvin K. Hellerstein, U.S.D.J.
<u>Walcott v. WTC Captive Insurance Co., Inc., et al.</u>
November 15, 2007
Page 2

      The documents improperly filed by plaintiffs with the Court may similarly have been stolen from GAB Robins, and are thereby still entitled to protection. GAB Robins, which, together with the WTCC, exercises control and holds the privilege attaching to these documents, never authorized their release to the public. Nor has GAB Robins, or its client, the WTCC, waived the attorney-client privilege and work product doctrines protecting release of the documents. GAB Robins cannot even prove that the documents in question actually originated from its files; but, if they did, GAB Robins took no part in their release and disclosure. These documents, if originating from GAB Robins, may have been stolen by an unknown person, acting outside the scope of their proper authority, and not on its behalf.

      The federal rules require that waiver of privilege be the "intentional relinquishment or abandonment of a known right or privilege." <u>Johnson v. Zerbst</u>, 304 U.S. 458, 58 S. Ct. 1019 (1938). There is no voluntary or inadvertent relinquishment of the documents at issue, but only theft and unlawful disclosure. Despite the public dissemination of information contained within the documents, privilege still attaches, plaintiffs are not entitled to its or any other similar documents' production, and it is proper for this Court to issue an Order striking from the record privileged documents disclosed without authorization. Further, to preserve the integrity of information potentially contained within the documents, the Court should execute an Order returning the documents to either the WTC Captive or GAB Robins.

      Finally, plaintiffs' benighted comment that these purloined documents go to the heart of the referenced action is simply not true. What is true, however, is that the instant issue appears designed to distract the Court's focus away from the fatal defects of plaintiffs' causes of action – defects that should mandate the granting of defendants' motion to dismiss.

      Thank you for your consideration of this matter.

Respectfully submitted,

Michael O. Adelman

MOA/ss
cc:   Paul J. Napoli, Esq.
       Counsel of Record

SFNJ1 1203589v1