

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN R. WALCOTT, FRANK MAISANO and MARY
E. BISHOP,

                Plaintiffs,

-against-

WTC CAPTIVE INSURANCE COMPANY, INC.;
CHRISTINE LASALA; THE HONORABLE MICHAEL
BLOOMBERG; MARSH MANAGEMENT SERVICES,
INC.; GAB ROBINS; MARK PAGE; LEWIS
FINKELMAN; JEFFREY FRIEDLANDER; MEREDITH
JONES; MARK MELSON; JAMES SCHOENBECK; and
KENNETH BECKER, ESQUIRE,

                Defendants.
------------------------------------------------------------X

Docket No.: 07-CV-7072 (AKH)

**CONSENT ORDER ON JOINT MOTION TO DISMISS CERTAIN DEFENDANTS AND TO STAY THE PROCEEDINGS AGAINST THE REMAINING DEFENDANTS**

    **WHEREAS** the plaintiffs filed a complaint on July 16, 2007 seeking relief on six causes of action sounding in breach of fiduciary duty, declaratory judgment, violation of Public Officers Law Article 6, the New York Freedom of Information Law ("FOIL"), violation of the New York Open Meetings Law (Public Officers Law §§ 100 to 111) ("Open Meetings Law"), replevin and conversion (the "Complaint"); and

    **WHEREAS** all defendants have moved to dismiss the Complaint; and

    **WHEREAS** the defendants' motions to dismiss are scheduled for hearing on January 4, 2008; and

    **WHEREAS** the plaintiffs now want to dismiss without prejudice the Complaint as against Defendants Christine LaSala, The Honorable Michael Bloomberg, Mark Page, Lewis Finkelman, Jeffrey Friedlander, Meredith Jones, Mark Melson, James Schoenbeck, Kenneth

Becker, Phyllis Taylor, and Andrew Alper (Ms. Taylor and Mr. Alper were named in plaintiffs' state court summons, but not in the Complaint) (collectively the "Individual Defendants"); and

**WHEREAS** the remaining parties agree to stay the action pending final resolution of the underlying tort actions entitled In re World Trade Center Disaster Site Litigation, 21-MC-100 (AKH), In re World Trade Center Lower Manhattan Disaster Site Litigation, 21-MC-102 (AKH), and In re Combined World Trade Center And Lower Manhattan Disaster Site Litigation, 21-MC-103 (AKH), that are pending in the Federal District Court for the Southern District of New York (the "Underlying Actions"), all without conceding or precluding liability; and

**WHEREAS** the parties have stipulated to enter into this Consent Order; and counsel for all parties having reviewed and consented to the form, substance and entry of this Consent Order; and for good cause shown; and

**WHEREAS** this Court having the power to stay proceedings as an attribute of its inherent power to control the disposition of cases before it, and considering factors such as the orderly administration of justice, judicial economy and the avoidance of additional time and expense of the parties;

**IT IS** on this ____ day of _____, 200_

**ORDERED** that the Complaint as against the Individual Defendants is hereby dismissed without prejudice;

**IT IS FURTHER ORDERED** that all proceedings in this case are stayed as against the remaining defendants for a period of one year from the date of entry of this Consent Order, or until the final resolution, by dismissal with prejudice, settlement or final judgment of all claims

within the Underlying Actions, including any and all appeals and remands therefrom, whichever date is earlier;

**IT IS FURTHER ORDERED** that the motions to dismiss filed by the WTC Captive Insurance Company, Inc. ("WTC Captive"), GAB Robins North America, and Marsh Management Services, Inc. shall be held in abeyance until such time as the stay of this case has been lifted;

**IT IS FURTHER ORDERED** that during the stay plaintiffs be and are hereby temporarily enjoined from:

1. Seeking any damages or equitable relief from any defendant allegedly arising out of violation of fiduciary duties in connection with the alleged misuse of WTC Captive funds and alleged failure of the WTC Captive to fulfill and act in accord with its purpose and its status;

2. Seeking declaratory judgment as against any defendant involving claims handling, investigation, administration and/or payment stemming from injuries allegedly sustained while working on the rescue at and/or cleanup of the World Trade Center Disaster Relief Site, as defined in the Complaint and in the Underlying Actions;

3. Seeking any damages or equitable or other relief against any defendant pursuant to CPLR Article 78 or based upon an alleged violation of Public Officers Law Article 6, and the New York Freedom of Information Law ("FOIL");

4. Seeking any damages or equitable or other relief against any defendant pursuant to CPLR Article 78 or based upon an alleged violation of the Open Meetings Law, or for judgment under CPLR § 3001;

5. Seeking any damages or equitable relief against any defendant based upon the possession of funds paid from the WTC Captive to any defendant or under a theory of replevin;

6.  Seeking any damages or equitable relief against any defendant based upon the possession of funds paid from the WTC Captive to any defendant or under a common law theory of conversion;

7.  Seeking discovery or disclosure by any means or making demands under FOIL and the Open Meetings Law, of documents, contracts, testimony, facts or any other materials from any other party to this litigation; provided, however, that nothing herein shall preclude any party from propounding discovery in the Underlying Actions to obtain matter material and necessary to the prosecution or defense of the Underlying Actions;

8.  Seeking any relief as against any other party for allegations arising from the facts pleaded within the Complaint; and

9.  Pursuing any further causes of action, under either federal or state law, against any party to this Consent Order, arising from the facts pleaded within the Complaint.

**IT IS FURTHER ORDERED** that nothing within this Consent Order shall forestall the plaintiffs from dismissing any defendant as a party to this action;

**IT IS FURTHER ORDERED** that nothing within this Consent Order shall forestall any party from engaging or participating in voluntary discovery with or disclosure to any other party;

**IT IS FURTHER ORDERED** that the date that is the earlier of (a) one year from the date of entry of this Consent Order, or (b) the date of entry of final judgment or Order or the filing of a notice of dismissal of the Underlying Actions shall be deemed the "Stay Termination Date," and that within 45 days of the Stay Termination Date plaintiffs may re-file their Complaint as against the Individual Defendants; and

**IT IS FURTHER ORDERED** that upon the 46th day after the Stay Termination Date, if plaintiffs have not re-filed their Complaint as against the Individual Defendants, the previously

4

ordered dismissal without prejudice shall be deemed to be a dismissal of the Complaint in its entirety as against the Individual Defendants, WITH PREJUDICE; and

**IT IS FURTHER ORDERED** that any party may move to lift this stay within 45 days of the Stay Termination Date; and

**IT IS FURTHER ORDERED** that upon the 46th day after the Stay Termination Date, if no party has made a motion to lift the stay, the Complaint shall be dismissed in its entirety as against all defendants, WITH PREJUDICE.

Dated: 12/27/07

JOHN R. WALCOTT, FRANK MAISANO and MARY E. BISHOP

By: *Paul J. Napoli (MAC)*
Denise A. Rubin (DR-5591)
Marc Jay Bern
**Worby Groner Edelman & Napoli Bern, LLP**
115 Broadway, 12th Floor
New York, New York 10006
Attorneys for the Plaintiffs

Dated: 12/27/07

WTC CAPTIVE INSURANCE COMPANY, INC.; CHRISTINE LASALA; MARK MELSON; and JAMES SCHOENBECK

By: *Margaret H. Warner (MAC)*
Margaret H. Warner (MW-4644)*
Robert A. Weiner (RW-3381)
**McDermott Will & Emery LLP**
340 Madison Avenue
New York, New York 10173-1922
Attorneys for the Defendants
*admitted *pro hac vice*

Dated: 12/27/07

MICHAEL BLOOMBERG

By: *Lawrence S. Kahn (MAC)*
Lawrence S. Kahn (LK-4078)
Chief Litigating Assistant
**Corporation Counsel of the City of New York**
100 Church Street
New York, New York 10007
Attorneys for the Defendant

6

Dated: 12/27/07

MARK PAGE; LEWIS FINKELMAN; JEFFREY FRIEDLANDER; MEREDITH JONES; and KENNETH BECKER

By: *Margaret H. Warner (MAC)*
Margaret H. Warner (MW-4644)*
Robert A. Weiner (RW-3381)
**McDermott Will & Emery LLP**
340 Madison Avenue
New York, New York 10173-1922
Co-Counsel for the Defendants
*admitted *pro hac vice*

Lawrence S. Kahn (LK-4078)
Chief Litigating Assistant
**Corporation Counsel of the City of New York**
100 Church Street
New York, New York 10007
Co-Counsel for the Defendant

Dated: 12/27/07

**GAB ROBINS NORTH AMERICA, INC.**

By: *Michael O. Adelman (MAC)*
Michael O. Adelman (MA-3920)
**Drinker Biddle & Reath LLP**
500 Campus Drive
Florham Park, New Jersey 07932-1047
Attorneys for the Defendant

Dated: 12/27/07

**MARSH MANAGEMENT SERVICES, INC.**

By: *Mitchell J. Auslander (MAC)*
Mitchell J. Auslander (MJA-1224)
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue
New York, New York 10019
Attorneys for the Defendant

7

**SO APPROVED AND ORDERED.**

This the 2 day of Jan, 2008

Hon. Alvin K. Hellerstein
Judge, United States District Court

The Clerk shall transfer this case to the Court's suspense calendar until further application of the parties, and order of the Court, on or after January 2, 2009.

Jan. 2, 2008